

United States District Court
Eastern District of New York

Civil Action No.

**15-CV-5551-RJD-PK**

<u>Answer</u>

<u>U.S. Commodity Futures Trading Commission,</u>

Plaintiff(s)

_____

V

Safety Capital Management, Inc., GNS Capita, Inc.
<u>Tae Hung Kang</u>
<u>Sungmi Kang</u>
<u>John H. Won</u>

_____

Defendant(s)

Defendants Tae hung Kang, Sungmi Kang, John H. Won, as andfor our Answer to the Complaint, States as follows:

## I.   SUMMARY

1. Deny the allegations contained in paragraph 1 of the complaint.

2. Deny the allegations contained in paragraph 2 of the complaint.

3. Deny the allegations contained in paragraph 3 of the complaint.

4. Deny the allegations contained in paragraph 4 of the complaint.

5. Deny the allegations contained in paragraph 4 of the complaint.

6. Lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 6 of the complaint.

7. Deny the allegations contained in paragraph 7 of the complaint.

8. Deny the allegations contained in paragraph 8 of the complaint.

9. Deny the allegations contained in paragraph 9 of the complaint.

10. Deny the allegations contained in paragraph 10 of the complaint.

11. Deny the allegations contained in paragraph 11 of the complaint.

12. Paragraph 12 contains conclusions of law, to which no response is required.

13. Paragraph 13 contains conclusions of law, to which no response is required.

## II. JURISDICTION AND VENUE

14. Deny the allegations contained in paragraph 14 of the complaint.

15. Lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 15 of the complaint.

16. Deny the allegations contained in paragraph 16 of the complaint.

## III. THE PARTIES

17. Admit the allegations contained in paragraph 17 of the complaint.

18. Admit the allegations contained in paragraph 18 of the complaint.

19. Admit the allegations contained in paragraph 19 of the complaint.

20. Admit the allegations contained in paragraph 20 of the complaint.

21. Admit the allegations contained in paragraph 21 of the complaint.

22. Admit the allegations contained in paragraph 22 of the complaint.

## IV. STATUTORY AND REGULATORY BACKGROUND

23. Paragraph 23 contains conclusions of law, to which no response is required.

24. Paragraph 24 contains conclusions of law, to which no response is required.

25. Paragraph 25 contains conclusions of law, to which no response is required.

26. Paragraph 26 contains conclusions of law, to which no response is required.

27. Paragraph 27 contains conclusions of law, to which no response is required.

28. Paragraph 28 contains conclusions of law, to which no response is required.

29. Paragraph 29 contains conclusions of law, to which no response is required.

30. Paragraph 30 contains conclusions of law, to which no response is required.

31. Paragraph 31 contains conclusions of law, to which no response is required.

32. Paragraph 32 contains conclusions of law, to which no response is required.

33. Paragraph 33 contains conclusions of law, to which no response is required.

## V.  FACTS

### A.  Defendants' Fraudulent Solicitation and Misappropriation

34. Deny the allegations contained in paragraph 34 of the complaint.

35. Deny the allegations contained in paragraph 35 of the complaint.

36. Deny the allegations contained in paragraph 36 of the complaint.

37. Deny the allegations contained in paragraph 37 of the complaint.

38. Deny the allegations contained in paragraph 38 of the complaint.

39. Deny the allegations contained in paragraph 39 of the complaint.

40. Deny the allegations contained in paragraph 40 of the complaint.

41. Admit the allegations contained in paragraph 41 of the complaint.

42. Deny the allegations contained in paragraph 42 of the complaint.

43. Deny the allegations contained in paragraph 43 of the complaint.

44. Deny the allegations contained in paragraph 44 of the complaint.

45. Deny the allegations contained in paragraph 44 of the complaint.

46. Deny the allegations contained in paragraph 46 of the complaint.

47. Deny the allegations contained in paragraph 47 of the complaint.

48. Deny the allegations contained in paragraph 48 of the complaint.

**B.  Coming Pool funds and Failure to Operate Pool as Separate Entity**

49. Deny the allegations contained in paragraph 49 of the complaint.

**C.  Defendants' Failure to Register With the Commission**

50. Deny the allegations contained in paragraph 50 of the complaint.

51. Admit in part Safety was never registered as a CPO, and GNS became a registered CPO in
    order to conform to the commission rules and regulations, paragraph 51 of the complaint.

52. Deny the allegations contained in paragraph 52 of the complaint.

53. Deny the allegations contained in paragraph 53 of the complaint

54. Deny the allegations contained in paragraph 54 of the complaint

55. Deny the allegations contained in paragraph 55 of the complaint.

**D.  Controlling Person Liability**

56. Deny the allegations contained in paragraph 56 of the complaint.

57. Deny the allegations contained in paragraph 57 of the complaint.

58. Deny the allegations contained in paragraph 58of the complaint.

59. Deny the allegations contained in paragraph 59 of the complaint.

### E.  GNS's Failure to Respond to a CFTC Subpoena

60. Deny the allegations contained in paragraph 60 of the complaint.

61. Deny the allegations contained in paragraph 61 of the complaint.

### V.    VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND COMMISSION REGULATIONS

### COUNT ONE

### Violation of section 4b(a)(2)(a) and (c) of the Act,7 U.S.C.§6b(a)(2)(A) and (C), and Regulation5.2(b)(1)and(3), (17) C.F.R.§5.2(b)(1)and(3) (Commodities/Forex Fraud by Misrepresentations, Omissions, and Misappropriation)

62. Defendant incorporates its answers to paragraphs above by reference 1-61 as if set forth

   fully herein.

63. Lacks sufficient knowledge or information to determine the truth of the allegations in
   paragraph 63 of the complaint.

64. Lacks sufficient knowledge or information to determine the truth of the allegations in

paragraph 63 of the complaint.

65. Deny the allegations contained in paragraph 65 of the complaint.

66. Deny the allegations contained in paragraph 66 of the complaint...

67. Deny the allegations contained in paragraph 67 of the complaint.

68. Deny the allegations contained in paragraph 68of the complaint.

69. Deny the allegations contained in paragraph 69 of the complaint.

70. Deny the allegations contained in paragraph 70 of the complaint.

71. Deny the allegations contained in paragraph 71 of the complaint.

72. Deny the allegations contained in paragraph 72 of the complaint.

## COUNT TWO

### Violation of Section 4o(1)(A)-(B) of the Act, 7 U.S.C.§6o(1)(A)-(B)
### (Fraud and Deceit by a CTA or CPO)

73. Defendant incorporates its answers to paragraphs above by reference 1-72 as if set forth

fully herein.

74. Deny the allegations contained in paragraph 74 of the complaint.

75. Deny the allegations contained in paragraph 75 of the complaint.

76. Deny the allegations contained in paragraph 76 of the complaint.

77. Admit the allegations contained in paragraph 77 of the complaint.

78. Deny the allegations contained in paragraph 78 of the complaint.

79. Deny the allegations contained in paragraph 79 of the complaint.

80. Deny the allegations contained in paragraph 80 of the complaint.

81. Deny the allegations contained in paragraph 81 of the complaint.

82. Deny the allegations contained in paragraph 82 of the complaint.

83. Deny the allegations contained in paragraph 83 of the complaint.

84. Deny the allegations contained in paragraph 84 of the complaint.

**COUNT THREE**

**Violation of Section 2(c)(2)(C)(iii)(I)(aa)-(cc) of the Act, 7U.S.C.§ 2(c)(2)(C)(iii)(I)(aa)-(cc) (Violation of Retail Forex Prohibitions)**

85. Defendant incorporates its answers to paragraphs above by reference 1-84 as if set forth fully herein.

86. Paragraph 86 contains conclusions of law, to which no response is required.

87. Deny the allegations contained in paragraph 87 of the complaint.

88. Deny the allegations contained in paragraph 88of the complaint.

**COUNT FOUR**

**Violation of Section 4.20(a)-(c);17 C.F.R.§4.20(a)-(c) (Failure to ope2(c)(2)(C)(iii)(I)(aa)-(cc) (Violation of Retail Forex Prohepoeey; failure to receive investor funds in pool's name; commingling pool funds)**

89. Defendant incorporates its answers to paragraphs above by reference 1-88 as if set forth fully herein.

90. Paragraph 90 contains conclusions of law, to which no response is required.

91. Paragraph 91 contains conclusions of law, to which no response is required.

92. Paragraph 92 contains conclusions of law, to which no response is required.

93. Paragraph 93 contains conclusions of law, to which no response is required.

94. Deny the allegations contained in paragraph 94of the complaint.

95. Deny the allegations contained in paragraph 95of the complaint.

96. Deny the allegations contained in paragraph 96of the complaint.

## COUNT FIVE

## Violation of Section 4m(1) of the Act 7 U.S.C.§6m(1); Regulation5.3(a)(2)(3), 17 C.F.R.§ 5.3(a)(2)-(3) (Failure to Register as Retail Forex CPOs and CTAs)

97. Defendant incorporates its answers to paragraphs above by reference 1-96 as if set forth fully herein.

98. Deny the allegations contained in paragraph 98 of the complaint.

99. Deny the allegations contained in paragraph 99 of the complaint.

100.     Deny the allegations contained in paragraph 100 of the complaint.

101.     Deny the allegations contained in paragraph 101 of the complaint.

102.     Deny the allegations contained in paragraph 102 of the complaint.

103.     Deny the allegations contained in paragraph 103 of the complaint.

104.     Deny the allegations contained in paragraph 104 of the complaint.

105.     Deny the allegations contained in paragraph 105 of the complaint.

## COUNT SIX

## Violation of Regulation 1.31, 17 C.F.R.§ 1.31.

**(Failure to Produce Documents Upon request from the CFTC)**

106.　　Defendant incorporates its answers to paragraphs above by reference 1-105 as if

　　　　Set forth fully herein.

107.　　Deny the allegations contained in paragraph 107 of the complaint.

108.　　Admit the allegations contained in paragraph 108 of the complaint.

109.　　Deny the allegations contained in paragraph 109 of the complaint.

110.　　Deny the allegations contained in paragraph 110 of the complaint.

### Affirmative Defense

Safety Capital Management, Inc. ("Safety") and GNS Capital, Inc. ("GNS") was established in Oct 2010 through September 2013 for the development of a social trading platform and the development of an adventurous and innovative shared economic trading signal aimed at a successful FinTech start-up venture.

We have been working diligently for more than 14 hours seven days a week over the past three years to develop a variety of efficient and automated trading techniques, with one doctoral program developer and six trading system developers coming together as a co Partners.

During that time, our goal was to develop a secure, profitable trading robot, which was to develop social trading platforms and apps that provide trading signals to Forex traders worldwide and create diverse revenue models. And we aimed to grow into a FinTech start-up venture company and enter the Nasdaq.

Meanwhile, the operating expenses have invested a total of more than $ 900,000, including about $ 600,000, including personal investments from co Partners, personal loans from Tae hung Kang, and $ 300,000 through investors in external equity investments.

Only investments with little revenue continued.

Our training for our clients was a generic program that provided advice on how to use the **Meta Trader 4** platform and investment mindset to run their own accounts by themselves, safely and profitably.

Some of them have opened their own personal accounts to the market themselves, and some have provided trading signals developed with legitimate sign and agreements to about 50 customers who want to receive trading signals.

Therefore, CPO and CTA registration were not necessary during this period.

However, in order to register CPO, CTA and IB, GNS Capital Inc. was established by John H Won,

Feb. 2012.

We did not mislead our customers with 10% revenue and no risk.

95% of our 50 signal users were well aware of the dangers of Forex Market as customers with 8 weeks of platform training, and no customers who believed in such unrealistic promises.

.

However, the compounding chart assuming monthly profits of 10% of education textbooks was provided as a guideline tool for customers to operate their accounts safely and to provide a total of five years' personal goals for education.

In addition, when opening an individual account, the fund Deposit and withdrawal process is as transparent as the following, so that the customer's funds are not deposited or withdrawn into the Safty or GNS bank.

When customer open their personal account.

1. All customers' personal account funds are sent directly to the **FXCM LTD. NASDAQ symbol (FXCM), 55 Water Street, 50th Floor, New York, NY 10041 (USA. Forex Capital Markets Limited).**

2. FXCM LTD. When customer open a transaction account, only the customer himself  or herself must make a deposit and withdrawal to the FXCM LTD bank account through the Picture ID, the social number, the risk disclosure sign, his address and the bank certificate.

3. All Forex Trading Accounts are opened and signals are provided to all customers. They had to sign on risk disclosure with 100% Loss on Consignment and Consent. Legitimate approval process is performed using Protocol and Templates of brokerage firm FXCM (FCM).

4. A maximum of 12 POOL accounts legally provided by FXCM LTD have been Operated by GNS for about $ 100,000, and this fund has also been approved by FXCM LTD.
   Fund has been sent from customer's account to FXCM LTD bank account and can Only withdrawal to customer's bank account, there were no single deposit of $ 1 in Safty or GNS bank.

Thus, "Pool was approximately $ 718,000 and Defendants Sungmi kang and John Won are misappropriated over $ 622,000 from at least 37 pool participants and funds for personal and business expenses rather than forex trading" paragraph 3 of complaint is not the trues.

Also Sungmi kang is a registrant of Safety & GNS and has not participated in any business activities.

It was conducted by the plan and decision of CEO Tae hung Kang.

Our goal is just to be successful as a developer of innovative social network trading platforms and as a venture company in the global marketplace.
During this process, we did not conduct illegal activities that violate CFTC regulations or for the purpose of fraud.

Please prove and or investigate our defense as we are not in violations with the trading commission or to any of our clients.  We deny most all accusations by the plaintiff regards to this matter.
"Wherefore Defendant seeks dismissal of Plaintiff's complaint and that Plaintiff recovers nothing."

March 15, 2017

Respectfully submitted

Tae hung kang
0102kang@gmail.com
718. 496. 8653

Sungmi kang
immanuelfo@hotmail.com

John H. Won
Wonjohn0@gmail.com
646.770.7100