UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
U.S. COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

       -against-

SAFETY CAPITAL MANAGEMENT, INC.
d/b/a FOREXNPOWER, GNS CAPITAL, INC.
d/b/a FOREXNPOWER, JOHN H. WON,
SUNGMI KANG, and TAE HUNG KANG
a/k/a KEVIN KANG,

                Defendants.
------------------------------------------------------------ x

**REPORT AND RECOMMENDATION**

15-CV-5551 (RJD)(PK)

[Handwritten annotation: 7/31/17 — I adopt the recommendation. Motion to Vacate is granted. S/ RJD]

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 31 2017 ★
BROOKLYN OFFICE

**Peggy Kuo, United States Magistrate Judge:**

       Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Plaintiff") brought this action against Safety Capital Management, Inc. ("Safety") and GNS Capital, Inc. ("GNS") (collectively, the "Corporate Defendants"), Sungmi Kang ("S. Kang") and Tae Hung Kang ("T. H. Kang") ("the Kang Defendants"), and John H. Won ("Won") (Won, S. Kang, and T. H. Kang, collectively, the "Individual Defendants," and together with the Corporate Defendants, "Defendants"), alleging violations of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* and CFTC Regulations, 17 C.F.R. § 1 *et seq.* (See Compl., Dkt. 1.) The Corporate Defendants are New York corporations, and GNS was registered with the CFTC as a commodity pool operator and commodity trading advisor. (*Id.* ¶¶ 1, 5, 18-19.) The Individual Defendants were officers, employees, and agents of Safety; Defendants Won and S. Kang were also officers, employees, and agents of GNS. (*Id.* ¶¶ 8-9, 20-22.) The Individual Defendants are residents of Queens. (*Id.* ¶¶ 20-22.)

       Before this Court on referral from the Honorable Raymond J. Dearie is Won's Motion to Vacate an Entry of Default. (See Dkt. 35; Order, May 17, 2017.) For the reasons stated herein, the

1

undersigned respectfully recommends that Won's Motion be granted.

## BACKGROUND

Plaintiff commenced this action by filing the Complaint on September 24, 2015, alleging that Defendants fraudulently solicited investors and prospective investors and misappropriated investors' funds. (Compl. ¶ 1, Dkt. 1.) Defendant Won was served on October 2, 2015, by personal service on a "suitable age person," at his "place of Work," "156-14 Sanford Avenue, Flushing, NY 11355," and by first class mail to the same address. (Aff. of Service, Dkt. 7.) The Affidavit of Service indicates that this person was "Hanna Won."[1] (*Id.*) The Corporate Defendants were served on October 5, 2015. (Affs. of Service, Dkts. 5-6.) Neither Won nor the Corporate Defendants answered, and Plaintiff requested a Certificate of Default as to all three on November 25, 2015. (Dkt. 8.) Default was entered as to Won and the Corporate Defendants on November 30, 2015. (Dkts. 9-11.)

Plaintiff was granted extensions of time to serve the Kang Defendants (Order, December 22, 2015; Dkt. 17), and permission to serve them by publication (Dkt. 17), which Plaintiff did on August 22, 2016, and again on September 1, 2016 (Affs. of Service, Dkts. 18, 20-21, 23). Plaintiff then obtained an updated address for the Kang Defendants[2] and served them at the new address on December 20, 2016. (Affs. of Service, Dkts. 28-29.) The Kang Defendants' answer was due on January 10, 2017 (Fed. R. Civ. P. 12(a)(1)(A)(i)), and none was filed. However, on February 28, 2017, Plaintiff mailed to the Kang Defendants a letter informing them that Plaintiff would seek default if they did not answer by March 15, 2017 (Dkts. 30-31) – effectively extending to that date the time for the Kang Defendants to answer. The Kang Defendants, together with Won, filed an answer, *pro se*, on March 15, 2017. (Dkt. 33.)

---

[1] Plaintiff asserts that Hanna Won is Defendant Won's wife but submits nothing to support this. (See Pl.'s Mot. in Opp'n at 4, Dkt. 36.)
[2] S. Kang and T. H. Kang are married to one another and live at the same residence.

2

An Initial Conference was held before the undersigned on April 12, 2017, which Defendant Won attended. (See Min. Entry, Apr. 12, 2017.) At the conference, Won was advised of the Certificate of Default entered against him, and given a deadline of May 12, 2017 for moving to vacate the certificate. (*Id.*) Won timely filed the Motion to Vacate on May 12, 2017. (Dkt. 35.)

## DISCUSSION

### I. Legal Standard

A litigant may seek to vacate an entry of default pursuant to Federal Rule of Civil Procedure 55(c), which provides that an entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). The Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Bricklayers & Allied Craftworkers Local 2 Pension Fund ex rel. O'Sick v. Moulton Masonry & Construction, LLC*, 779 F.3d 182, 186 (2d Cir. 2015).

When the question is one of setting aside a default – as opposed to a default judgment – these factors are assessed less rigorously, because there are fewer concerns about "the concepts of finality and litigation repose." *Enron Oil*, 10 F.3d at 96; *see Sream Inc. v. Saakshi Enters. Inc.*, No. 16-CV-1408 (NG)(RML), 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017) ("[i]mportantly, the standard for vacating an <u>entry</u> of default pursuant to Rule 55(c)…is less rigorous than vacating a default <u>judgment</u> pursuant to Rule 60(b)" (emphasis in the original)). And although "[t]he dispositions of motions… [to vacate an entry of default] are left to the sound discretion of a district court…," *Enron Oil*, 10 F.3d at 95, the Second Circuit maintains an "oft-stated preference for resolving disputes on the merits." *Id.* at 96. In addition, "[a] party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation…." *Id.* Therefore, "a

3

district court should...grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*." *Id.*

## II. Analysis

### A. *Willfulness*

"[W]illfulness, in the context of a default...refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers*, 779 F.3d at 186 (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)) (citation omitted) (punctuation omitted). Even a defendant who was "grossly negligent" in failing to answer was not necessarily willful; "[r]ather, the defaulting party must have engaged in deliberate or egregious conduct." *Sream Inc.*, 2017 WL 2633510, at *2. Indeed, "a showing that a default was inadvertent is sufficient...to vacate a default judgment." *Global Gold Mining, LLC v. Ayvazian*, 983 F. Supp. 2d 378, 387 (S.D.N.Y. 2013).

Won states that, *inter alia*, he was never personally served and the person who was served did not know that the Complaint was for Won. (Mot. to Vacate ¶ 2(d), Dkt. 35.) In addition, since filing the Answer on March 15, 2017, Won has attended the Initial Conference and timely filed the Motion to Vacate, suggesting his diligence in attempting to participate in this litigation. Won's default seems to have been inadvertent, rather than willful.

### B. *Prejudice to Plaintiff*

Whether the non-defaulting party would be prejudiced by vacating a default "has been described as the single most persuasive reason" to deny a motion to vacate. *Global Gold Mining*, 983 F. Supp. 2d at 387 (citation omitted). "To demonstrate prejudice, [Plaintiff] must establish that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion." *Id.* at 388. Plaintiff contends only that it would suffer prejudice because it would have to expend the resources necessary to fully litigate this action, including

4

conducting discovery. (See Pl.'s Mot. in Opp'n at 6, Dkt. 36.) Expending resources to conduct discovery is different from increasing the *difficulty* of discovery. Plaintiff also does not allege a loss of evidence or greater opportunity for fraud or collusion.

Plaintiff suggests that it would suffer prejudice because a vacatur of Won's default "could also delay any motion for default judgment against GNS...." (*Id.* at 7.) However, "delay alone is not a sufficient basis for establishing prejudice." *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). And Plaintiff could have moved for default judgment against Won and the Corporate Defendants at any time after the Certificate of Default was entered on November 30, 2015. They did not do so. Plaintiff would not suffer the prejudice required to justify denying the vacatur of default.

It should also be noted that this litigation is now moving forward against Won's co-defendants, the Kangs. It is highly likely that the case against all three individuals can move forward simultaneously. Won has already filed an answer and discovery can commence immediately upon vacatur of his default.

C. *Meritorious Defense*

A defendant seeking to vacate a default "need only meet a low threshold to satisfy [the meritorious defense] factor." *MD Produce*, 304 F.R.D. at 110. "[A] defense is meritorious if it is good at law so as to give the fact-finder some determination to make. Likelihood of success is not the measure. [Defendant's] allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (citations omitted); *see MD Produce*, 304 F.R.D. at 110.

Won claims that he has repaid any money he owes and that he acted in good faith with respect to the allegations in the Complaint. (See Mot. to Vacate ¶ 3, Dkt. 35.) Plaintiff argues that "[g]ood faith is not a defense to fraud if the defendant acted willfully." (Mot. in Opp'n at 8, Dkt.

36.) However, *whether* Won acted willfully has not been established, and indeed suggests that if default were vacated there would be determinations for the fact-finder to make. Given the low threshold required for this factor, Won has sufficiently demonstrated the existence of a meritorious defense.

An entry of default should be vacated if doing so is "equitable and appropriate." *Global Gold Mining*, 983 F. Supp. 2d at 388. In light of the less rigorous standard for vacating an entry of default, and the strong preference for adjudication on the merits, the undersigned concludes that vacatur is equitable and appropriate in this instance, and respectfully recommends that Won's Motion be granted.

## CONCLUSION

Based on the foregoing, it is respectfully recommended that the Motion to Vacate the Entry of Default be granted. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendants by certified mail, and to file proof of service on the docket within five (5) days of the entry of this Report.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to appeal the District Court's Order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
July 11, 2017