UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. COMMODITY FUTURES TRADING COMMISSION,

                    Plaintiff,

-against-

SAFETY CAPITAL MANAGEMENT, INC. (d/b/a "FOREXNPOWER"), GNS CAPITAL, INC. (d/b/a "FOREXNPOWER"),

                    Defendants.

**MEMORANDUM & ORDER**

**15-CV-5551 (NGG) (PK)**

NICHOLAS G. GARAUFIS, United States District Judge.

In September 2015, the United States Commodity Futures Trading Commission (the "Commission") commenced this civil action against Defendants Safety Capital Management Inc. ("Safety Capital"), GNS Capital Inc. ("GNS"), Sungmi Kang, Tae Hung Kang ("Kang"), and John H. Won ("Won").[1] (Compl. (Dkt. 1) ¶ 1.) The Commission alleges violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq.* (2001), and Commission Regulations (the "Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2001). (*See* Compl. ¶¶ 1, 62-110.) In October 2015, Safety Capital and GNS (collectively, the "Defaulting Defendants") were properly served with the Summons and Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Safety Capital Executed Summons (Dkt. 5); GNS Executed Summons (Dkt. 6).) The Defaulting Defendants

---

[1] At this stage in the case, only the charges against the Defaulting Defendants remain. On August 31, 2022, a Consent Order and Final Judgment was entered against Kang. (Kang Final J. (Dkt. 62).) On September 19, 2024, summary judgment was entered against Won. (Order Adopting Won R&R (Dkt. 66).) On August 25, 2025, the court dismissed all claims against Sungmi Kang pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure because she had passed away. (Order Dismissing Parties (Dkt. 75).)

1

never answered or otherwise responded to the Complaint. Accordingly, the Clerk entered their Defaults in November 2015. (GNS Default (Dkt. 9); Safety Capital Default (Dkt. 10).)

Three years later in 2018, the Government filed a parallel criminal action against Kang and Won (the "Criminal Action"). *See* Indictment, *United States v. Kang*, No. 18-CR-0184 (RJD) (PK) (E.D.N.Y. Apr. 11, 2018) (Dkt. 1). Kang pleaded guilty to securities fraud conspiracy and was ordered to pay $835,058.32 in restitution. Min. Entry Dated 3/30/2021, *Kang*, No. 18-CR-0184 (E.D.N.Y. Mar. 30, 2021) (Dkt. 117); Kang Am. Crim. J. at 5, *Kang*, No. 18-CR-0184 (RJD) (PK) (E.D.N.Y. Dec. 28, 2021) (Dkt. 178).) Won was found guilty on all counts and was ordered to pay. $842,076.81 in restitution.[2] Won Verdict Sheet, *Kang*, No. 18-CR-0184 (RJD) (PK) (E.D.N.Y. Nov. 9, 2021) (Dkt. 167); Won Am. Crim. J. at ECF p.15, *Kang*, No. 18-CR-0184 (RJD) (PK) (E.D.N.Y. May 30, 2024) (Dkt. 206).

Fast forward to July 2025. The Defaulting Defendants had still failed to appear in this case. Consequently, Magistrate Judge Peggy Kuo directed the Commission to file a default judgment motion against the Defaulting Defendants. (Text Order Dated 7/10/2025.) The Commission obliged. It now seeks an order awarding permanent statutory injunctive relief, restitution in the amount of $835,058.00, and imposing civil monetary penalties. (Mem. of L. in Supp. of Mot. for Default J. ("Mot.") (Dkt. 74-1) at 4-5.) The Defaulting Defendants did not respond to the Commission's default judgment motion.

In November 2025, Magistrate Judge Peggy Kuo held a hearing on the Commission's motion. (Tr. of Proceedings Held on

---

[2] In this civil action, the court has already imposed a $835,058.00 joint and several restitution order against Kang and Won. (Order Adopting Won R&R at 3; Kang Final Civil J. (Dkt. 62) at 10.) Therefore, the court now only considers a restitution amount of $835,058.00 against the Defaulting Defendants.

11/25/2025 ("Nov. 25 Hr'g Tr.") (Dkt. 77).) The Defaulting Defendants did not appear.[3] In response to that hearing, the Commission supplemented its motion with further briefing and a spreadsheet analyzing the Defaulting Defendants' bank accounts and transactions with past customers. (*See* Supp. Mem. in Supp. of Mot. (Dkt. 79); Attachment to Supp. Mem. (Dkt. 79-2).)

Last month, Magistrate Judge Kuo issued the annexed Report and Recommendation (the "R&R") recommending that the court grant the Commission's motion in full. (R&R (Dkt. 82) at 15.) No party has objected to the R&R and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews it "only for clear error." *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). Seeing none, the court adopts the R&R in its entirety.

As a threshold matter, Magistrate Judge Kuo correctly determined that the Commission met the necessary procedural requirements to move for default judgment. (*See* R&R at 7-8.) She listed those various requirements under E.D.N.Y Rules 7.1 and 55.2 and cited the Commission's submissions that satisfied them. (*See id.* (citing Dkt. 74, 74-1, 74-2, 74-3, 79, and 79-2).) Thus, the court "identif[ies] no error in th[is] finding[], let alone clear error." *U.S. v. Vilar*, 729 F.3d 62, 84 (2d Cir. 2013) (citing *U.S. v. Moreno*, 701 F.3d 64, 76 (2d Cir. 2012)); *see Asllani v. Hoti*, No. 19-CV-1106 (PGG) (RWL), 2020 WL 5439761, at *3 (S.D.N.Y. Sept. 10, 2020) (stating the same in reviewing a report and recommendation for clear error).

---

[3] Won did attend and disputed the Commission's analysis of the proposed civil penalties against each of the Defaulting Defendants. (Nov. 25 Hr'g Tr. at 2:22-3:07.) He was GNS's CEO from October 2013 through February 2014 and a former Vice-President of Safety Capital. (Compl. ¶ 20; Answer (Dkt. 33) ¶ 20.) However, because Won is not an attorney, he may not "represent" nor "appear" on behalf of GNS. (*See* Nov. 25 Hr'g Tr. at 3:04-06 (explaining the·same); *see* R&R at 7 n.2.)

With respect to the merits, Magistrate Judge Kuo recommended granting default judgment against Safety Capital on Counts 1 through 5, and against GNS on Counts 1 through 6. (R&R at 15.) In light of the Defaulting Defendants' defaults, she correctly accepted the Commission's "factual allegations as true and dr[ew] all reasonable inferences in [its] favor . . . ." *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (stating the default judgment standard). Magistrate Judge Kuo identified and explained specific factual allegations that the Commission had alleged in its Complaint. (*See* R&R at 8-9 (Count 1), 9 (Count 2), 10 (Count 3), 10-11 (Count 4), 11-12 (Count 5), 12 (Count 6).) She also explained how those allegations satisfied each element of each Count. (*See id.*) Thus, having considered the well-pleaded allegations in the Complaint and the essential elements of Counts 1 through 6, the court is not left with "the definite and firm conviction that a mistake has been committed." *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180 (E.D.N.Y. 2025) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

So too for Magistrate Judge Kuo's remedies analysis. Starting with her recommendation that the court grant a permanent injunction, the Commission need only show "a reasonable likelihood that the wrong will be repeated." (Mot. at 17 (citing 7 U.S.C. § 13a-1)); *CFTC v. British Am. Commodity Options*, 560 F.2d 135, 141 (2d Cir. 1977) (describing the "well-established rule" that "in actions for a statutory injunction, such as this, the agency need not prove irreparable injury or the inadequacy of other remedies as required in private injunctive suits"); *see CFTC v. McDonnell*, 332 F. Supp. 3d 641, 725 (E.D.N.Y. 2018) (same). A district court may infer the likelihood of future violations from a defendant's past unlawful conduct. *CFTC v. Kelly*, 736 F. Supp. 2d 801, 804 (S.D.N.Y. 2010) (citing *CFTC v. Am. Bd. of Trade, Inc.*, 803 F.2d 1242, 1250-51 (2d Cir. 1986)).

4

Here, the "Defaulting Defendants' actions were not isolated occurrences; rather, they engaged in a comprehensive scheme that demonstrated a pattern of intentional fraudulent behavior." (R&R at 13.) True, the Defaulting Defendants are "currently inactive." (Mot. at 19.) But nothing currently prohibits them from reactivating and resuming their retail forex business. *See CFTC v. Morgan, Harris & Scott, Ltd.*, 484 F. Supp. 669, 677 (S.D.N.Y. 1979) ("The purported cessation by defendants of their illegal activity does not necessarily eliminate the likelihood of future violations."); *CFTC v. Reynolds*, No. 19-CV-05631 (MKV), 2021 WL 796683, at *6 (S.D.N.Y. Mar. 2, 2021) (concluding the same). Thus, it was not clear error for Magistrate Judge Kuo to recommend enjoining the Defaulting Defendants from engaging in (1) future iterations of the violating conduct at issue, and (2) certain professional activities involving "commodity interests," as defined in 17 C.F.R. § 3.1(a). *See Veeraswamy*, 765 F. Supp. 3d at 180 (citing *Snow*, 462 F.3d at 72).

Next is Magistrate Judge Kuo's recommendation to grant restitution. (R&R at 13-14.) Under Section 6(c) of the Act, the court may award "restitution to persons who have sustained losses proximately caused by such violation (in the amount of such losses)." 7 U.S.C. § 13a-1(d)(3)(A). Even though "a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); *see Joe Hand Prods., Inc. v. Benitez*, No. 18-CV-6476 (ARR) (PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020). The court "need not conduct an evidentiary hearing," however, if the plaintiff submits admissible evidence providing "a 'sufficient basis from which to evaluate the fairness of' the requested damages." *Burns v. Scott*, 635 F. Supp. 3d 258, 272 (S.D.N.Y. 2022) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

Here, the Commission's basis for the $835,058.00 restitution order comes from final criminal and civil judgments entered against Kang and Won ordering them to pay restitution of at least the same amount. (*See* Mot. at 6, 20-21 (discussing Kang Am. Crim. J. at ECF p.5; Kang Civil J. (Dkt. 62) at 10; Won Am. Crim. J. at ECF p.15; Order Adopting Won R&R (Dkt. 66) at 3); *see also* Nov. 25 Hr'g Tr. at 18:02-04, 18:24-19:05 (explaining how restitution was calculated). Given that support—and the lack of compelling contravening evidence—a "review of the entire record" does not leave the court with a "definite and firm conviction that a mistake has been committed." *See Veeraswamy*, 765 F. Supp. 3d at 180 (citing *Snow*, 462 F.3d at 72).

The last remedy that the Commission requests is civil monetary penalties against each of the Defaulting Defendants. (Mot. at 4-5.) Given that the misconduct at issue occurred from at least October 2010 through December 2013, each penalty may be up to the greater of $140,000 per violation or triple the defendant's monetary gain. *See* 7 U.S.C. § 13a-1(d)(1) (setting baseline minimum penalty); 17 C.F.R. § 143.8(b)(1)-(2) (adjusting that minimum for inflation based on when the misconduct occurred). In calculating the exact penalty within those guideposts, "[i]t is certainly reasonable to measure the gravity of the violations by the betrayal of public interest and by the need to deter threats to the integrity of the markets." *Reddy v. CFTC*, 191 F.3d 109, 128 (2d Cir. 1999). Magistrate Judge Kuo recognized that the "Defaulting Defendants not only engaged in a systematic and deliberate scheme to defraud the public, but they deliberately exploited their access to a vulnerable community—Korean-language speakers in Queens who were totally reliant on [the Defaulting] Defendants to protect and manage their investments." (R&R at 14.) Thus, she urged the court to grant the Commission's request for triple damages, which equals $1,441,143.00 against Safety Capital and $186,102.00 against GNS. (*Id.* at 14-15.) Per *Reddy*, that conclusion was "certainly

6

reasonable." *See* 191 F.3d at 128. Thus, it was not clear error. *See Veeraswamy*, 765 F. Supp. 3d at 180 (citing *Snow*, 462 F.3d at 72).

For the foregoing reasons, the court ADOPTS the R&R in full. Thus, it GRANTS the Commission's Motion for Default Judgment. In accordance with the annexed Order of Default Judgment, the court ORDERS the following remedies against the Defaulting Defendants: (1) permanent injunctive relief; (2) restitution in the amount of $835,058.00, jointly and severally with Kang and Won and with credit for any payments made in the Criminal Action; and (3) a civil monetary penalty of $1,441,143.00 against Safety Capital and $186,102.00 against GNS.

SO ORDERED.


Dated:    Brooklyn, New York
          March 10, 2026

                                        s/Nicholas G. Garaufis
                                        ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

7